FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

2015 JUN 23  PM 3: 37

WILLIAM W. BLEVINS C
CLERK

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **QUALITY SHIPYARDS, LLC AND, ZURICH AMERICAN INSURANCE COMPANY,**<br>　　　　　**Petitioners**<br><br>**Versus**<br><br>**KAISER ALUMINUM & CHEMICAL CORPORATION ASBESTOS PERSONAL INJURY TRUST AND COMBUSTION ENGINEERING 524(G) ASBESTOS PI TRUST,**<br>　　　　　**Respondents.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MISCELLANEOUS**

**15-2284**

**SECT. H MAG. 4**

Case:
Assigned To:
Assign. Date:
Description: Miscellaneous

## PETITION TO DECLARE SUBPOENAS DUCES TECUM ISSUED BY AN ADMINISTRATIVE LAW JUDGE WITH THE UNITED STATES DEPARTMENT OF LABOR AS ENFORCEABLE

THIS IS AN ENFORCEMENT ACTION UNDER 33 U.S.C. §927(b).

Petitioners, Quality Shipyards, LLC and Zurich American Insurance Company ("Employer/Carrier"), respectfully request that this Court find that the Subpoenas *Duces Tecum* issued by the United States Department of Labor to Kaiser Aluminum & Chemical Corporation Asbestos Personal Injury Trust and Combustion Engineering 524(g) Asbestos PI Trust ("Respondents"), both residents of Lawrenceville, New Jersey, in the matter of "Johnny Broussard versus Quality Shipyards, LLC and Zurich American Insurance

1

Company," bearing OWCP No. 07-165809 and Case No. 2014-LHC-1857, comport with the basic requirements for enforcement so that Petitioners can file an appropriate Motion to Compel and for Contempt in the United States District Court of New Jersey, Trenton Vicinage.  This Petition is made pursuant to 33 U.S.C. §927 (b).    As the basis for their Petition, Quality Shipyards, LLC and Zurich American Insurance Company aver as follows:

### Parties

1.    Petitioners are Quality Shipyards, LLC and Zurich American Insurance Company.

2.    Respondents are Kaiser Aluminum & Chemical Corporation Asbestos Personal Injury Trust, c/o Verus Claims Service, LLC, 2000 Lenox Drive, Suite 206, Lawrenceville, NJ, 08648, and Combustion Engineering 524(g) Asbestos PI Trust, c/o Verus Claims Service, LLC, 2000 Lenox Drive, Suite 206, Lawrenceville, NJ, 08648.

### Jurisdiction and Venue

3.    This Court has jurisdiction over this action under Section 27(b) of the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. §927 (b), which provides that "if any person in proceedings before a deputy commissioner or Board…neglects to produce, after having been ordered to do so, any pertinent book, paper, or document…the deputy commissioner or Board shall certify the facts to the district court having jurisdiction in the place in which he is sitting …which shall thereupon in a summary

manner hear the evidence as to the acts complained of..." Under 33 U.S.C. §919(d), an administrative law judge holds the powers formerly vested in the deputy commissioners.

4.     On April 3, 2015, the Administrative Law Judge in the matter of "Johnny Broussard versus Quality Shipyards, LLC and Zurich American Insurance Company," bearing OWCP No. 07-165809 and Case 2014-LHC-1857, signed an Amended Order of Certification to the United States District Court for the Eastern District of Louisiana certifying various facts for entry of an appropriate order regarding Respondents' refusal to comply with the Subpoenas *Duces Tecum,* which required production of specific documents pertaining to Johnny Broussard.[1] This case was originally filed with the United States Department of Labor, Longshore District Office 7 in New Orleans, Louisiana.  The case was referred to the Office of Administrative Law Judges, and allotted to Administrative Law Judge the Honorable Lee J. Romero, Jr., who sits in Covington, Louisiana.   Thus, the Administrative Law Judge who signed the Amended Order of Certification sits within the jurisdiction of this Court.[2]

5.     Although this Court has subject-matter jurisdiction over this matter, it does not have personal jurisdiction over the Respondents, Kaiser Aluminum & Chemical Corporation Asbestos Personal Injury Trust and Combustion Engineering 524(g) Asbestos PI Trust, because both Respondents are residents of, and were served with Subpoenas *Duces Tecum*, in Lawrenceville, New Jersey.  Fed. Rule of Civ. Proc. 45(c)(2)(A) provides that "a subpoena may command production of documents, electronically stored

---

[1] See Amended Order of Certification, attached hereto as Exhibit "A."
[2] See Amended Order of Certification, attached hereto as Exhibit "A."

information, or tangible things at a place within one hundred miles of where the person resides, is employed, or regularly transacts business in person." Fed. Rule of Civ. Proc. 45(g) provides that "the court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."

Under Fed. Rule of Civ. Proc. 45(g), the United States District Court of New Jersey, Trenton Vicinage, is the proper court in which to file a motion compelling Respondents' compliance with the Subpoenas *Duces Tecum*.

## Statutory Background

The United States Department of Labor (DOL) is the federal agency charged with the administration and enforcement of the provisions of the Longshore and Harbor Workers' Compensation Act (LHWCA). 33 U.S.C. §§901-950. In connection with its administration of the LHWCA, the DOL may issue subpoenas. 33 U.S.C. §927 (a). Subsection 927 (b) of the LHWCA provides that when a person neglects to produce, after having been ordered to do so, any pertinent book, paper, or document, "the deputy commissioner or Board shall certify the facts to the district court having jurisdiction in which he is sitting...which shall thereupon in a summary manner hear the evidence as to the acts complained of, and, if the evidence so warrants, punish such person in the same manner and to the same extent as for a contempt committed before the court..." Under 33 U.S.C. §919 (d), an administrative law judge holds the powers formerly vested in the deputy commissioners.

The DOL's authority to issue a subpoena is broad; an administrative agency has the "power of inquisition...analogous to the Grand Jury, which does not depend on a case or controversy for power to get evidence but can investigate merely on the suspicion that the law is being violated, or even just because it wants assurance that it is not." *United States v. Morton Salt Co.*, 338 U.S. 632 (1950). An administrative subpoena must be enforced if (1) the investigation is being conducted pursuant to a legitimate purpose; (2) the information sought is relevant to the inquiry; (3) the information sought is not already within the agency's possession; and (4) the required administrative steps have been followed. *United States v. Powell*, 379 U.S. 48, 85 S. Ct. 248, 13 L. Ed. 112 (1964). As long as an administrative subpoena is issued in good-faith pursuit of [a] congressionally authorized purpose[]," it is enforceable. *United States v. LaSalle*, 437 U.S. 298, 307, 98 S. Ct. 2357, 2362, 57 L. Ed. 2d 221 (1978).

## Factual Background

6.     Johnny Broussard asserted a claim for indemnity and medical expenses against his Employer/Carrier, Quality Shipyards, LLC and Zurich American Insurance Company, under the Longshore and Harbor Workers' Compensation Act. Benefits were ultimately awarded via decision and order dated August 3, 2005, for lung cancer. On information and belief, while he was receiving benefit payments under the Longshore Act, Mr. Broussard also asserted claims for asbestosis/lung cancer against the subject respondents, and settled those claims without obtaining prior approval from Employer/Carrier, which violates Section 33 (g) of the Longshore and Harbor Workers' Compensation Act. If Mr. Broussard settled his claims with the Respondents without the

5

approval of the Employer/Carrier, then he is disqualified from benefits under the Longshore and Harbor Workers' Compensation Act. Section 33 (g)(2).

### Issuance and Service of the Subpoena

7.     The Employer/Carrier, Quality Shipyards, LLC and Zurich American Insurance Company, attempted to obtain information regarding Mr. Broussard's settlements from Mr. Broussard and his attorney to no avail. Mr. Broussard has passed away, and his attorney was not privy to any settlement between Mr. Broussard and the Respondents. Therefore, Employer/Carrier can only show proof of the settlements between Mr. Broussard and the Respondents by issuing Subpoenas *Duces Tecum* to the Respondents to produce the settlement documents.

8.     On October 31, 2014, counsel for Quality Shipyards, LLC and Zurich American Insurance Company requested that two Subpoenas *Duces Tecum* be served upon the Respondents. Each Subpoena *Duces Tecum* sought "certified copies of any and all documents and records, including but not limited to any pleadings, claim forms, correspondence, discovery materials, settlement agreements and settlement payments made to or on behalf of Johnny Broussard, SSN (intentionally omitted), DOB (intentionally omitted)."[3]

---

[3] See Subpoenas *Duces Tecum*, attached hereto in globo as Exhibit "B."

9.   These subpoenas were approved by the Administrative Law Judge on November 14, 2014 and returned to counsel for the Employer/Carrier for proper service.[4] Counsel for the Employer/Carrier did not receive the subpoenas from the Office of the Administrative Law Judge in sufficient time to serve the subpoenas on the Respondents.

10.   On December 3, 2014, Counsel for Employer/Carrier requested re-certification of two additional Subpoenas *duces tecum* for service on Respondents. This request was approved by the Administrative Law Judge on December 11, 2014 and returned to Counsel for Employer/Carrier for proper service.[5]

11.   The Subpoena *duces tecum* was served on Kaiser Aluminum & Chemical Corporation Asbestos Personal Injury Trust on December 30, 2014.[6]

12.   The Subpoena *duces tecum* was served on Combustion Engineering 524 (g) Asbestos Personal Injury Trust on December 30, 2014.[7]

13.   By letter dated January 15, 2015, counsel for Kaiser Aluminum & Chemical Corporation Asbestos Personal Injury Trust, Jeremy C. Kleinman, argued that the Subpoenas sought information that is "privileged, proprietary, readily available from litigants, unduly burdensome or unlikely to lead to evidence relevant to the subject proceeding."[8]

---

[4] See Amended Order of Certification, attached hereto as Exhibit "A."
[5] See Amended Order of Certification, attached hereto as Exhibit "A."
[6] See correspondence, Subpoena *Duces Tecum*, and return receipt addressed to Kaiser Aluminum & Chemical Corporation Asbestos Personal Injury Trust, attached hereto in globo as Exhibit "C."
[7] See correspondence, Subpoena *Duces Tecum*, and return receipt addressed to Combustion Engineering 524 (g) Asbestos Personal Injury Trust, attached hereto in globo as Exhibit "D."
[8] See correspondence, dated January 15, 2015, signed by Jeremy C. Kleinman and addressed to David L. Barnett, attached hereto as Exhibit "E." See Also Amended Order of Certification, attached hereto as Exhibit "A."

14.    Combustion Engineering 524 (g) Asbestos Personal Injury Trust has never responded to the Subpoena *Duces Tecum*.

15.    On February 23, 2015, Counsel for the Employer/Carrier filed a Motion for Administrative Action and moved that the Court exercise its authority under 33 U.S.C. §927 (b) to enforce and secure compliance with its Subpoenas issued to Respondents.[9]

16.    On March 13, 2015, the Administrative Law Judge for the United States Department of Labor certified the facts concerning the service of the Subpoenas to the Respondents to the United States District Court for the Eastern District of Louisiana, for appropriate action pursuant to Section 27 (b) of the Longshore and Harbor Workers' Compensation Act, a copy of which is attached hereto as Exhibit "A."

17.    Employer/Carrier now seek a ruling from this Court as to whether the Subpoenas *Duces Tecum* comport with the basic requirements for enforcement so that the Employer/Carrier may file a Motion to Compel and for Contempt with the appropriate Court in New Jersey, Trenton Vicinage, ordering Respondents to produce the documents sought in the Subpoenas *Duces Tecum* and to determine whether the Respondents' refusal to comply should be punished and treated as contempt pursuant to the provision of 33 U.S.C. §927.


WHEREFORE, Petitioners, Quality Shipyards, LLC and Zurich American Insurance Company, respectfully pray that this Court find that the administrative

---

[9] See Amended Order of Certification, attached hereto as Exhibit "A."

Subpoenas *Duces Tecum* issued to Respondents, Kaiser Aluminum & Chemical Corporation Asbestos Personal Injury Trust and Combustion Engineering 524(g) Asbestos PI Trust, by the United States Department of Labor in the matter of "Johnny Broussard versus Quality Shipyards, LLC and Zurich American Insurance Company," bearing OWCP No. 07-165809 and Case No. 2014-LHC-1857, are enforceable so that Petitioners can file a Motion to Compel and for Contempt with the appropriate Court in New Jersey, Trenton Vicinage, ordering Respondents to produce the documents sought in the Subpoenas *Duces Tecum* and to determine whether the Respondents' refusal to comply should be punished and treated as contempt pursuant to the provisions of 33 U.S.C. §927.

Respectfully submitted,
**OSTENDORF TATE BARNETT, LLP**

DAVID L. BARNETT, #14929
650 Poydras St., Suite 1460
New Orleans, LA  70130
Telephone (504) 527-0700
Facsimile (504) 527-5111
COUNSEL FOR EMPLOYER AND CARRIER

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served on the following individuals in these proceedings:

Honorable Lee J. Romero, Jr.
Office of Administrative Law Judges
U. S. Department of Labor
5100 Village Walk, Suite 200
Covington, LA  70433

Honorable Mike Brewer
U. S. Department of Labor
400 West Bay Street, Suite 63 A, Box 28
Jacksonville, FL  32202

Regional Solicitor
U. S. Department of Labor
Suite 501
525 South Griffin St.
Dallas, TX  75202

Estate of Johnny Broussard
Through its attorney of record:
Jeffrey P. Briscoe, Esq.
Attorney at Law
433 Metairie Rd., Suite 209
Metairie, LA  70005

Jeremy G. Kleinman
FrankGecker
325 North Lasalle Street, Suite 625
Chicago, IL  60654

by depositing a copy of same in the United States mail, postage prepaid and properly addressed, this 23nd day of June, 2015.

_____
DAVID L. BARNETT